UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2010 MAR 19 PM 1: 35

LORETTA C. WHYTE
CLERK

| | | |
|---|---|---|
| DAVID and CHERYL GROSS, individually and as representatives of all similarly situated individuals, | * * * * | CASE NO. |
| | * | |
| Plaintiffs, | * * | 10-931 |
| versus | * * | |
| | * | SECT. L MAG. 2 |
| STATE FARM FIRE AND CASUALTY COMPANY AND STATE FARM GENERAL INSURANCE COMPANY, | * * * * | |
| | * * | |
| | * | JURY DEMAND |
| Defendants. | * | |

**CLASS ACTION COMPLAINT**

NOW INTO COURT COME Plaintiffs, David and Cheryl Gross, individually and as representatives of all similarly situated individuals, and bring this Class Action Complaint against Defendants, State Farm Fire and Casualty Company and State Farm General Insurance Company (herein collectively referred to as "State Farm"). Plaintiffs seek a declaratory judgment that State Farm is obligated to provide coverage to individuals who purchased homeowner's insurance policies from State Farm or any authorized State Farm agent and who made claims for damages to their homes caused by Chinese manufactured drywall.

**PARTIES**

1.    Plaintiffs, David and Cheryl Gross, are persons of full age and majority, domiciled in the Parish of Orleans, State of Louisiana, residing at 400 Hay Place, New Orleans, Louisiana 70124.

Fee $350
Process
X Dktd
CtRmDep
Doc. No.

2.    In March of 2009, Plaintiffs renewed their homeowner's policy from State Farm, Policy Number 18-CF-3882-8, as they had done every year since 1996.  The current policy had a coverage period between March 31, 2009 and March 31, 2010. Plaintiffs paid the premium on the policy in full and on September 3, 2009, made a claim, State Farm Claim Number 18-A295-965, which was denied in writing by State Farm on September 9, 2009.

3.    Plaintiffs, David and Cheryl Gross, bring this action on their own behalf and on behalf of all similarly situated persons who are defined to be the following:

> All individuals in the United States who purchased a homeowner's insurance policy from State Farm, directly or through any Agent of State Farm, and who made a claim for insurance coverage for damages to their homes sustained as a result of the presence of Chinese-manufactured drywall with State Farm pursuant to that policy and whose homeowner claim was denied by State Farm. (Hereinafter referred to as the "Class").

4.    Excluded from the Class are State Farm; officers, directors, board members, or employees of State Farm; any entity in which State Farm has a controlling interest; affiliates, legal representatives, attorneys, heirs or assigns of State Farm; any federal, state or local government entity; and any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.  Plaintiffs reserve the right to modify or amend this Class definition if discovery and/or further investigation reveal the necessity to do so.

5.    Plaintiffs and Class members contemplate sub-classes to ameliorate any choice of law concerns and/or ensure compliance with Federal Rule of Civil Procedure 23(a) and 23(b); more specifically, sub-classes are contemplated based upon the

50 states and the District of Columbia to the extent the laws of the various states differ.

6.    Plaintiffs will brief the issue of any necessary sub-classes with the filing of their Class Certification Brief which will be filed as soon as practical and in accordance with any and all delays imposed by law.

7.    Defendant, State Farm Fire and Casualty Company is an Illinois company with its principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710-0001, who has designated the Louisiana Secretary of State as its agent for service of process.

8.    State Farm General Insurance Company  is an Illinois company with its principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710-0001, who has designated the Louisiana Secretary of State as its agent for service of process.

9.    At all times relevant hereto, each of the Defendants acted as the agent of each of the other Defendants.

## JURISDICTION AND VENUE

10.   This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d). Plaintiffs assert this action as a class action in which the amount in controversy exceeds $5,000,000 and minimal diversity exists. Plaintiffs herein are residents of Louisiana.  None of the Defendants herein are residents of Louisiana.

11.   This Court has personal jurisdiction because Defendant, State Farm, maintains extensive contacts in Louisiana through the sale, advertising, marketing and

underwriting of insurance in Louisiana.   State Farm also maintains regional offices and local offices in the South and Southeast United States to service the State of Louisiana.

12.   Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1391 (a)(2) & (3) because a substantial part of the events giving rise to this litigation occurred in Louisiana and because this Court had personal jurisdiction over State Farm at the time of commencement of this action.   Each defendant has designated the Louisiana Secretary of State as its agent for service of process in Louisiana.

13.   Venue is otherwise appropriate in this Court by operation of 28 U.S.C. § 1407 and the June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation.[1]

## BACKGROUND

14.   The State Farm Corporation, of which Defendants herein are subsidiaries, is a mutual company, owned by its policyholders that insures more cars and homes than any other insurer in the U.S.  It is ranked Number 31 on the Fortune 500 list of largest companies, has 67,029 employees, 343 Claims offices and 17,627 agents. It operates13 regional offices, including Canada.[2]

15.   Plaintiffs renewed their Homeowner's Insurance Policy Number 18-CF-3882-8 from State Farm Agent Rodney Cosse in New Orleans, Louisiana on March 31,

---

[1]   See *In re Chinese-Manufactured Drywall Products Liability Litigation*, 626 F.Supp 2d 1346 (J.P.M.L. 2009).

[2]   http://www.statefarm.com/about/media/fastfact.asp

2009.  The policy is described by State Farm as an "All-Risk" Policy, utilizing State Farm form FP-7955, which provided coverage for, among other things, their dwelling ($451,100), personal property ($338,325), and additional living expenses (actual loss sustained).

16.   Beginning in the Spring of 2009, Plaintiffs and Class members became aware of the potential damaging effects of Chinese manufactured drywall through various media reports, primarily through local television and print news.  Subsequent to these reports and other investigations conducted Plaintiffs and Class members, they discovered that their properties were constructed using Chinese manufactured drywall, which caused, and continues to cause, physical loss and damage to their properties and contents. The Chinese drywall emits compounds that cause rapid corrosion of air-conditioner coils, copper tubing, electrical wiring, computer wiring, and other household items.

17.   Plaintiffs contacted State Farm to make a claim for coverage on September 3, 2009.  The claim was denied in writing on September 9, 2009.  State Farm alleged the Date of Loss was August 28, 2009.  Several investigations, including one from Strategy, LLC, were conducted and confirmed the presence of Chinese manufactured drywall in the home.  At all relevant times, Plaintiffs had full coverage through State Farm under one of their "All-Risk" Policies.

18.   Plaintiffs and Class members purchased homeowner's insurance policies from State Farm and/or authorized State Farm Agents, providing coverage for all risks of direct physical loss or damage to the home, contents and other permanent structures, unless a named exclusion applies.

19. Upon information and belief, State Farm sells and writes substantially similar homeowner's policies across the nation that are identical or substantially similar in respect to coverage of damages to property caused by Chinese manufactured drywall.

20. Upon information and belief, State Farm has denied and/or intends to deny the homeowner's policy claims of all Class members due to the following exclusions (hereinafter collectively referred to as the "Policy Exclusions"):

    a.    Pollution Exclusion;

    b.    Wear and Tear, Inherent Vice and/or Latent Defect Exclusion; and,

    c.    Materials Defect and/or Faulty Workmanship Exclusion.

## CLASS ACTION ALLEGATIONS

21. Plaintiffs bring this class action on behalf of all similarly situated persons, pursuant to Federal Rule of Civil Procedure 23(b)(2).

22. The proposed Class is defined as follows:

    All individuals in the United States who purchased a homeowner's insurance policy from State Farm, directly or through any Agent of State Farm, and who made a claim for insurance coverage for damages to their homes sustained as a result of the presence of Chinese-manufactured drywall with State Farm pursuant to that policy and whose homeowner claim was denied by State Farm. (Hereinafter referred to as the "Class").

23. Defendant, State Farm, has refused to provide coverage to members of the Class on grounds that apply generally to the Class, such that final injunctive relief and/or corresponding declaratory relief, concerning the exclusions for which

State Farm has based its denial of coverage to members of the Class, is appropriate respecting the Class as a whole.

## COUNT I
## DECLARATORY RELIEF

24.  Plaintiffs and Class members incorporate each of the preceding paragraphs as if fully set forth herein at length.

25.  Plaintiffs and Class members hold valid contracts of insurance with State Farm, providing coverage for the loss and damage caused by the Chinese manufactured drywall.

26.  Plaintiffs and Class members have paid all premiums due under their respective policies of insurance with State Farm and have otherwise materially performed their obligations under their respective policies.

27.  The presence of Chinese manufactured drywall caused the damages and losses sustained by Plaintiffs and Class; however, State Farm has failed to meet its obligations under the respective insurance policies and refuses to cover the losses sustained by Plaintiffs and Class members.

28.  State Farm has breached its contracts of insurance with Plaintiffs and Class members by unjustifiably denying their claims for damages covered by their respective policies.

29.  As a direct and proximate result of State Farm's breach, Plaintiffs and Class members have been and continue to be deprived of the benefits of insurance coverage for which State Farm was paid substantial premiums.  Accordingly,

Plaintiffs and Class members have suffered, and continue to suffer, substantial economic damage, particularly associated with their remediation efforts.

30.   State Farm misrepresents the policy provisions, including the Policy Exclusions, in denying the insurance claims of Plaintiffs and Class members.

31.   The Pollution Exclusion was never intended to apply to residential homeowner's claims for damages caused by substances emitted from building materials. The Pollution Exclusion was intended to apply only to those incidents which would otherwise cause environmental damage and/or otherwise originate from a source outside of the home.

32.   The Wear and Tear, Inherent Vice and/or Latent Defect Exclusion was intended to apply to expected losses relating to the longevity of a given material and intended to exclude losses which must inevitably happen over time and/or will inevitably occur due to a defect within the item. In either case the defect or the passage of time causes damage to the item itself, not to other items. In homes containing Chinese manufactured drywall, the drywall itself is not damaged or defective relative to the expected performance of non-defective drywall. Instead, Chinese manufactured drywall causes damage to other items but is itself undamaged.

33.   The Materials Defect and/or Faulty Workmanship Exclusion does not apply to Chinese manufactured drywall because the drywall itself performs satisfactorily all of the functions of non-defective drywall and because the drywall was installed properly. Chinese manufactured drywall is fit for its intended use for hanging

wall-mounted effects, for painting, as a sound barrier, for heat insulation and as a partition between areas in a home and, consequently, is non-defective relative to the intended function of typical drywall in a home. Furthermore, the damages caused by Chinese manufactured drywall do not involve how the drywall was hung and, therefore, do not involve workmanship issues.

34. Plaintiffs and Class members are entitled to declaratory relief against State Farm in accordance with Federal Rule of Civil Procedure 23 (b)(2), striking the Policy Exclusions, declaring the Policy Exclusions to be inapplicable to damages arising from Chinese manufactured drywall, and/or finding the Policy Exclusions to be ambiguous and construing them against State Farm.

## COUNT II
## BAD FAITH

35. Plaintiffs and Class members incorporate each of the preceding paragraphs as if fully set forth herein at length.

36. In denying Plaintiffs and Class members' respective claims, State Farm has breached its duty of good faith and fair dealing owed to Plaintiffs and Class members,.

37. State Farm's misrepresentation of the Policy Exclusions constitutes bad faith on the part of State Farm.

38. Plaintiffs and Class members are entitled to declaratory relief against State Farm in accordance with Federal Rule of Civil Procedure 23 (b)(2), declaring that State Farm's misrepresentation of the Policy Exclusions in order to deny Plaintiffs and Class members' claims constitutes bad faith.

## COUNT III
## INJUNCTIVE RELIEF

39.   Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein at length.

40.   As a direct and proximate result of State Farm's denial of homeowner's claims for damages resulting from Chinese manufactured drywall, Plaintiffs and Class members have been and continue to be deprived of the benefits of insurance coverage for which State Farm was paid substantial premiums, and, accordingly, Plaintiffs and Class members have suffered, and continue to suffer, substantial economic damage, particularly associated with their remediation efforts.

41.   The damage caused by Chinese manufactured drywall in Plaintiffs and Class members' homes is ongoing.

42.   Full remediation of Plaintiffs and Class members' homes is the only means of stopping  the damage currently being caused by Chinese manufactured drywall in Plaintiffs and Class members' homes.

43.   Plaintiffs and Class members' ability to remediate their respective homes has been significantly hampered by State Farm's failure to honor the homeowner's policies of Plaintiffs and Class members.

44.   Upon information and belief, State Farm intends to drop and/or not renew Plaintiffs and Class members' homeowner's current insurance coverage, increase their rates, and/or otherwise deter Plaintiffs and Class members from renewing and/or retaining homeowner's insurance with State Farm due to the presence of Chinese manufactured drywall in Plaintiffs and Class members'

homes, for which State Farm refuses cover remediation under Plaintiffs and Class members' current policies.

45.   In order to protect Plaintiffs, Class Members, and the public at large, State Farm should be preliminarily enjoined from dropping coverage, increasing rates of coverage, or in any other way deterring Plaintiffs and Class members from renewing and/or retaining homeowner's insurance with State Farm due to the presence of Chinese manufactured drywall in Plaintiffs and Class members' homes.

46.   Plaintiffs and Class Members have a substantial likelihood of success on the merits of demonstrating that State Farm misrepresents the Policy Exclusions in denying Plaintiffs and Class members' claims under their respective policies, and that such misrepresentation constitutes bad faith and has and will continue to cause Plaintiffs and Class members substantial damage.

47.   Plaintiffs and Class Members risk irreparable harm should the Court not grant preliminary injunctive relief as sought because State Farm's refusal to provide coverage for damages relating to Chinese manufactured drywall in Plaintiffs and Class members' homes can and will cause catastrophic consequential damage to Plaintiffs and Class members including, but not limited to, severe mental anguish, broken relationships and families, foreclosure of homes, bankruptcy, damaged credit scores, insurmountable debt, stress, strain, and countless other negative effects associated with the loss of one's home and financial stability.

48.    The potential harm to Plaintiffs and Class members is so great that any minimal expenses incurred by State Farm as a result of this preliminary injunction is far outweighed by the risk of harm to Plaintiffs and Class members.

49.    Because State Farm's refusal to provide coverage to Plaintiffs and Class members has the potential to wreck the lives of individuals across the nation, the public may also be injured by the consequential economic impacts of hundreds of foreclosures, bankruptcies, and credit calls, which will undoubtedly affect the national economy. As a result, the granting of the preliminary injunction sought by Plaintiffs and Class members would serve the public interest.

50.    Plaintiffs and Class members are entitled to injunctive relief consistent with the immediately preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the members of the Class, demand judgment in their favor and against State Farm as follows:

a.    For an Order certifying the Class pursuant to Federal Rule of Civil Procedure 23, appointing Plaintiffs as the representatives of the Class, and appointing named counsel for Plaintiffs herein as counsel for the Class;

b.    For an award of equitable and declaratory relief as requested and according to proof;

c.    For penalties against State Farm, consistent with the maximum amount allowed by law, based on the degree of State Farm's bad faith,

reprehensibility and the resulting and/or potential harm to Plaintiffs and members of the Class, as well as an amount sufficient to punish State Farm and deter State Farm and other insurance carriers from similar wrongdoing;

d.    For restitution and disgorgement of profits;

e.    For an award of all costs incurred by Plaintiffs in pursuing this action;

f.    For an award of reasonable attorneys' fees;

g.    For an Order enjoining State Farm from dropping coverage, refusing to renew coverage, and/or in any other way discouraging or preventing members of the Class from obtaining and/or maintaining insurance coverage through State Farm for their respective homes which contain Chinese manufactured drywall and have not been remediated due to State Farm's failing to honor Class members' claims for coverage under State Farm homeowner's insurance policies; and,

h.    For any other relief the Court deems reasonable.

## JURY DEMAND

Plaintiffs demand a trial by jury on all factual issues.

Dated: March 19, 2010

Respectfully submitted,

Russ M. Herman, Esq. (Bar No. 6819)
Leonard A. Davis, Esq. (Bar No. 14190)
Stephen J. Herman, Esq. (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin
Fred S. Longer
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
   Matthews, Martinez, Gonzales,
   Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

14

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras
Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana and will be uploaded to the CM/ECF System by the Clerk's Office, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 19th day of March, 2010.

Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com

16

*PLEASE SERVE:*

**State Farm General Insurance Company**
*Through its agent for service of process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**State Farm Fire and Casualty Insurance Company**
*Through its agent for service of process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809